1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ENRIQUE DIAZ,                    )        No. C 12-05898 EJD (PR)
                                      )
12              Plaintiff,            )        ORDER OF DISMISSAL WITH LEAVE
                                      )        TO AMEND
13      vs.                           )
                                      )
14                                    )
     R. BINKELE, et al.,              )
15                                    )
                Defendants.           )
16   ─────────────────────────────    )

17

18          Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights

19   action in pro se pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in

20   forma pauperis will be granted in a separate written order.

21                                   **DISCUSSION**

22   **A.      Standard of Review**

23          A federal court must conduct a preliminary screening in any case in which a

24   prisoner seeks redress from a governmental entity or officer or employee of a

25   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

26   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

27   claim upon which relief may be granted or seek monetary relief from a defendant who is

28   immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

Dismissal with leave to amend
05898Diaz_dwlta.wpd                        1

1    liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

2    1988).

3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

4    elements: (1) that a right secured by the Constitution or laws of the United States was

5    violated, and (2) that the alleged violation was committed by a person acting under the

6    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

7    **B.      Plaintiff's Claims**

8        This case involves Plaintiff's desire for a classification status that will provide him

9    a single cell without a cellmate.  Plaintiff alleges the only way to insure a single cell

10   classification is to murder one's cellmate or be the victim of an in-cell assault.  Plaintiff

11   filed inmate appeals regarding this situation and the appeals were denied.  Plaintiff then

12   wrote a letter to the warden saying he was having thoughts of killing his cellmate.  As a

13   result of the threat, Plaintiff was placed in the Administrative Housing Unit (AHU).

14   Plaintiff argues that being punished and placed in the AHU for threatening to kill his

15   cellmate violates his right to freedom of expression.  Later Plaintiff began a hunger strike

16   and was again placed in the AHU.  However, it is not entirely clear the relief Plaintiff

17   seeks.  Plaintiff states his freedom of speech rights were violated, but he does not state if

18   he wants money damages or even that he seeks injunctive relief with respect to a single

19   cell. Regardless, the complaint will be dismissed with leave to amend as Plaintiff's has

20   failed to set forth a cognizable claim.

21       The Supreme Court has long recognized that "(l)awful incarceration brings about

22   the necessary withdrawal or limitation of many privileges and rights, a retraction justified

23   by the considerations underlying our penal system."  Price v. Johnston, 334 U.S. 266, 285

24   (1948); see also Pell v. Procunier, 417 U.S. 817, 822 (1974); Wolff v. McDonnell, 418

25   U.S. 539, 555 (1974).  "The fact of confinement and the needs of the penal institution

26   impose limitations on constitutional rights, including those derived from the First

27   Amendment, which are implicit in incarceration."  Jones v. North Carolina Prisoners'

28   Labor Union Inc., 433 U.S. 119, 125 (1977).  As stated in Pell, 417 U.S. at 822:

1    (A) prison inmate retains those First Amendment rights that are not
     inconsistent with his status as a prisoner or with the legitimate penological
2    objectives of the corrections system.  Thus, challenges to prison restrictions
     that are asserted to inhibit First Amendment interests must be analyzed in
3    terms of the legitimate policies and goals of the corrections system, to
     whose custody and care the prisoner has been committed in accordance
4    with due process of law.

5    Removing Plaintiff from his cell and placing him in the AHU after he threatened to

6    kill his cellmate was a reasonable and wise decision on behalf of prison officials and

7    preventing an inmate from killing his cellmate is a legitimate penological objective.

8    Thus, Plaintiff has failed to demonstrate a First Amendment violation.  Moreover,

9    Plaintiff has no right to a certain classification status that will entitle him to a single cell.

10   See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting Moody v.

11   Daggett, 429 U.S. 78, 88 n. 9 (1976), wherein the Supreme Court, in a footnote, explicitly

12   rejected a claim that "prisoner classification and eligibility for rehabilitative programs in

13   the federal system" invoked due process protections).

## CONCLUSION

15   For the foregoing reasons, the Court orders as follows:

16   The complaint is **DISMISSED** with leave to amend.  Within **twenty-eight (28)**

17   **days** of the date this order is filed, Plaintiff shall file an amended complaint using the

18   court's form complaint.  The amended complaint must include the caption and civil case

19   number used in this order and the words "AMENDED COMPLAINT" on the first page

20   and write in the case number for this action, Case No. C 12-05898 EJD (PR).  Plaintiff

21   must answer all the questions on the form in order for the action to proceed.

22   **Failure to respond in accordance with this order by filing an amended**

23   **complaint will result in the dismissal of this action without prejudice and without**

24   **further notice to Plaintiff.**

25   The Clerk shall include two copies of the court's complaint with a copy of this

26   order to Plaintiff.

27   DATED: _____          _____
                                        EDWARD J. DAVILA
28                                      United States District Judge

Dismissal with leave to amend
05898Diaz_dwlta.wpd                     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ENRIQUE DIAZ,                                        Case Number CV 12-05898 EJD (PR)

         Plaintiff,

  v.                                                        **CERTIFICATE OF SERVICE**


R. BINKELE, et al.,

         Defendants.

_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
District Court, Northern District of California.

That on _____1/29/2013_____, I SERVED a true and correct copy(ies) of the
attached, by placing said copy(ies) in a postage paid envelope addressed to the
person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said
copy(ies) inter-office delivery receptacle located in the Clerk's office.


Enrique Diaz
K-70268
P. O. Box 1050
Soledad, CA 93960


DATED: _____1/29/2013_____

                          Richard W. Wieking, Clerk
                         /s/By: Elizabeth Garcia, Deputy Clerk