1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  ENRIQUE DIAZ,                          )        No. C 12-05898 EJD (PR)
                                           )
12                  Plaintiff,             )        ORDER OF DISMISSAL
                                           )
13    vs.                                  )
                                           )
14                                         )
    R. BINKELE, et al.,                     )
15                                         )
                    Defendants.            )
16  _____  )

17

18          Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights

19  action in pro se pursuant to 42 U.S.C. § 1983.  The original complaint was dismissed with

20  leave to amend and Plaintiff has filed an amended complaint.

21

22                                  **DISCUSSION**

23  **A.    Standard of Review**

24          A federal court must conduct a preliminary screening in any case in which a

25  prisoner seeks redress from a governmental entity or officer or employee of a

26  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

27  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

28  claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

This case involves Plaintiff's desire for a single cell.  Plaintiff states that one cannot obtain a single cell until one assaults a cellmate or is the victim of an assault. Plaintiff does not allege any threat from his cellmate.  When Plaintiff was not provided a single cell he wrote a letter the warden stating he was thinking about killing his cellmate. As a result of the threat, Plaintiff was placed in the Administrative Housing Unit (AHU). Plaintiff argues that being punished and placed in the AHU for threatening to kill his cellmate violates his right to freedom of expression.  Later Plaintiff began a hunger strike and was again placed in the AHU.  Plaintiff feels he is being improperly targeted by prison officials because he threatened to kill his cellmate.

The Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  Price v. Johnston, 334 U.S. 266, 285 (1948); see also Pell v. Procunier, 417 U.S. 817, 822 (1974); Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration."  Jones v. North Carolina Prisoners' Labor Union Inc., 433 U.S. 119, 125 (1977).  As stated in Pell, 417 U.S. at 822:

> (A) prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.  Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to

whose custody and care the prisoner has been committed in accordance with due process of law.

Removing Plaintiff from his cell and placing him in the AHU after he threatened to kill his cellmate was a reasonable and wise decision on behalf of prison officials and preventing an inmate from killing his cellmate is a legitimate penological objective. Thus, Plaintiff has failed to demonstrate a First Amendment violation. Moreover, Plaintiff has no right to a certain classification status that will entitle him to a single cell. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections). While Plaintiff may prefer a single cell, the denial of his requests do not rise to the level of a Constitutional violation. The amended complaint will be dismissed for failure to state a claim and as Plaintiff has already been provided an opportunity to amend, and as it is clear that further amendment would be futile, this case is dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend for failure to state a claim.

DATED: _____2/22/2013_____

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ENRIQUE DIAZ,                                          Case Number CV 12-05898 EJD (PR)

        Plaintiff,

  v.                                                          **CERTIFICATE OF SERVICE**

R. BENKELE, et al.,

        Defendants.
_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/25/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.


**Enrique Diaz**
K-70268
P. O. Box 1050
Soledad, CA 93960


DATED: _____2/25/2013_____
                             Richard W. Wieking, Clerk
                     /s/ By: Elizabeth Garcia, Deputy Clerk